STATE OF INDIANA *v.* MCNULTY ET AL.

[Nos. 28,568 and 28,570.   Filed June 13, 1950.]

*J. Emmett McManamon,* Attorney General, *George S. Dailey,* Prosecuting Attorney, Marion County; *Robert L. Carrico* and *Samuel E. Garrison,* Deputy Prosecuting Attorneys, Marion County, for appellant.

*Symmes, Fleming & Symmes, Chadwick & Burns;* and *Eugene H. Yockey,* all of Indianapolis, for appellees.

STARR, J.—These two appeals were consolidated by this Court for briefing. The sole question presented in each of them is the correctness of the ruling of the trial court in sustaining a motion to quash the indictment therein. Each of these indictments attempts to charge the defendants therein with the violation of § 50-201, Burns' 1933.

The indictment in appeal No. 28568, omitting the caption, is in words and figures as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that Thomas H. McNulty and Edward R. McNulty on or about the 2nd day of July, A.D., 1948, at and in the County of Marion and in the State of Indiana, did then and there engage in and conduct a business for the operation of a lottery, under the name, designation, and title of STATE DISTRIBUTING COMPANY, which name, designation, and title was not the real names, designation and title of said Thomas H. McNulty and Edward R. McNulty, and said name, designation, and title was not the true corporate name, designation and title of any firm or corporation and they the said Thomas H. McNulty and Edward

R. McNulty and said STATE DISTRIBUTING COMPANY, were not then and there any church, lodge, or association conducting a business by trustees under a written instrument or declaration of trust, recorded in the Recorder's Office of said County of Marion and State of Indiana, they the said Thomas H. McNulty and said Edward R. McNulty, not theretofore having filed in the office of the Clerk of the Circuit Court, of said Marion County in said state of Indiana, a certificate stating the full names and residences of each of said Thomas H. McNulty and Edward R. McNulty, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The indictment in appeal No. 28570 is identical with the indictment in appeal No. 28568 except the names of the defendants and the name under which the business was transacted. The motion to quash in each of these cases is based on the second, third and fourth grounds for which a motion as provided by § 9-1129, Burns' 1942 Replacement. The appellant has filed but one brief wherein the same questions are raised as to each appeal and all the appellees have joined in a single brief wherein each appellee has presented the same questions as to each appeal. For all these reasons these appeals are consolidated for the purpose of an opinion and disposition in this court.

Each of these indictments merely states that the defendants thereto did in Marion County *"engage in and conduct a business"* under a name which was not their real names without *"having filed in the office of the Clerk of the Circuit Court a certificate stating the full names and residences"* of the defendants. In our opinion these facts as alleged are not sufficient to constitute a public offense. Said § 50-201, Burns' 1933, provides that any person "con-

ducting or transacting business in this state . . ." shall file the certificate therein mentioned *"in the office of the Clerk of the Circuit Court of the county in which the place or places of business or office or offices of anÿ such person, firm or partnership, may be situated . . ."*.

Each of these indictments wholly fails to allege that the defendants thereto had a place of business or office in Marion County. We know that many business firms engage in and conduct their business in many counties of the state, but do not have an office or place of business in each county where such business is so engaged in and conducted.

For the failure to allege in each of these indictments that the defendants thereto had a place of business or office in Marion County we hold that the motion to quash as to each was properly sustained on the first ground therein relied upon, namely, that the facts stated therein do not constitute a public offense. It will not be necessary to discuss the other reasons for affirmance relied upon by the appellees.

The judgment in each of these cases is affirmed.

NOTE.—Reported in 92 N. E. 2d 838.